IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**KS AUTOMOTIVE, LLC d/b/a KS AUTOMOTIVE, et al.,**<br><br>*Defendants.* | **Case No. 2:25-cv-02985-JDW** |

## MEMORANDUM

No one wants to be sued. But when you get notice that someone is suing you, you can't just toss the summons aside and ignore it. Most of the time, the problem won't go away, and the failure to respond can have serious consequences. In this case, Selective Insurance Company Of South Carolina sued KS Automotive LLC (and several of its dbas), its owner James Colson, and Alexia Stipa seeking a declaration that it does not have to cover any of them in a case in state court arising from an auto accident. Selective served each Defendant with the Summons and Complaint, but no one has responded. So now, Selective asks me to award it a default judgment that will have the effect of extinguishing its duty to defend and, potentially, to indemnify, in the underlying state court action. Having received no response to any submission in this case, I will do so.

I.  BACKGROUND

   A.   Facts

Selective is an insurance provider based in Pennsylvania. KS Auto is an automotive repair shop that does business in Pennsylvania under several names, including KS Automotive LLC, KS Automotive, and KS Automotive Group. In 2023, Selective issued a commercial auto insurance policy (the "Policy") to KS Auto with an effective period of September 27, 2023, to September 27, 2024. The Policy provided automobile liability coverage in three scenarios: (1) "Specifically Described 'Autos'" (vehicles listed in the Policy's schedule); (2) "Hired 'Autos'" (vehicles that KS Auto leased, hired, rented, or borrowed); and (3) "Non-owned 'Autos'" (vehicles used in KS Auto's business that it did not own, lease, hire, rent, or borrow). The Policy extended coverage to vehicles that KS Auto acquired after the effective date so long as KS Auto provided notice to Selective within 30 days of the purchase.

On or about November 11, 2023, KS Auto's sole member, Mr. Colson, purchased a Grey 2004 Dodge Dakota to be used as a "shop truck" at KS Auto, but KS Auto failed to notify Selective within 30 days of this acquisition. On February 6, 2024, the Dakota collided with David Haley's vehicle. On February 9, 2024, Mr. Colson reported the accident with Mr. Haley to Selective. That report was the first time that Selective learned of Mr. Colson's purchase of the Dakota. On June 17, 2024, Selective denied coverage for the accident

because KS Auto neither listed the Dakota on the Policy nor reported the purchase of the Dakota to Selective within the 30-day period.

On April 14, 2025, Mr. Haley and his wife sued Mr. Colson, KS Auto, and Ms. Stipa (who allegedly has some, undefined connection to KS Auto), in the Court Of Common Pleas for Chester County, Pennsylvania, seeking damages for injuries allegedly sustained in the accident. *See Haley v. Colson, et al.*, No 2025-03133 (Com. Pl. Chester Cty.). On May 29, 2025, Selective agreed to provide a defense in that action under a full reservation of rights, including, but not limited to, the right to seek a declaration that it has no duty to defend or indemnify.

## B. Procedural History

On June 11, 2025, Selective filed this case requesting a declaratory judgment that it had no duty to defend or indemnify Mr. Colson, KS Auto, and Ms. Stipa (the "State Court Defendants") in the underlying state action. On June 25, 2025, Selective filed affidavits of service showing that it served the Complaint on each of the State Court Defendants. None of them responded. On July 14, 2025, I ordered Selective to file for default. It did so on July 25, 2025, and the Clerk Of Court entered default the same day. Selective moved for default judgment on August 15, 2025. To date, no Defendant has responded to the Complaint or the Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to appear. *See* Fed. R. Civ. P. 55(b)(2). To obtain a default judgment pursuant to Rule 55(b)(2), a litigant must first obtain an entry of default from the Clerk Of Court pursuant to Fed. R. Civ. P. 55(a). Then, the district court judge has discretion as to whether to grant a motion for default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Before entering default judgment, a court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id*. A court need not find all three factors satisfied to award a default judgment. *See Phx. Ins. Co. v. Small*, 307 F.R.D. 426, 434 (E.D. Pa. 2015) (concluding only two *Chamberlain* factors supported default judgment).

The Third Circuit also requires consideration of the *Poulis* factors "when a district court enters a default judgment pursuant to Rule 55(b) as a sanction for failure to plead or otherwise defend." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (internal citation omitted). Thus, in addition to the *Chamberlain* factors, a court must also consider: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 409 n.2 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Like the *Chamberlain* factors, a court may grant default judgment even if all *Poulis* factors are not satisfied. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992) (abrogated on other grounds).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Butler v. Experian Info. Sols.*, No. CV 14-07346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688.1 (4th ed.)).

### III. DISCUSSION

#### A. Duty To Defend Or Indemnify

Under Pennsylvania law, the "duty to defend is broader than the insurer's duty to indemnify." *Telecomms. Network Design v. Brethren Mut. Ins. Co.*, 5 A.3d 331, 335 (Pa. Super. Ct. 2010). An insurer's duty to indemnify "follow[s] the duty to defend." *Am. States Ins. Co. v. State Auto Ins. Co.*, 721 A.2d 56, 63 (Pa. Super. Ct. 1997). That is, the duty to indemnify is dependent on the existence of a duty to defend. *See Kvaerner Metals Div. of Kvaerner U.S., Inc., v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 n.7 (Pa. 2006).

5

Determining the duty to defend requires a comparison of "the four corners of the insurance contract to the four corners of the complaint." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010). There is no duty to defend when "it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy." *Id.*

In this case, it appears that the claims in the state court action do not fall within the scope of the Policy's coverage. The Policy did not list the Dakota as a "Specifically Describe Auto;" KS Auto did not lease, hire, rent, or borrow the Dakota, so it did not qualify as a "Hired Auto;" Mr. Colson acquired the Dakota to use in KS Auto's business, so it did not qualify as a "Non-owned Auto;" and KS Auto did not notify Selective about the Dakota within 30 days of acquiring it (or any time before the accident). Because the Policy did not cover the Dakota, Selective has no duty to defend and therefore no duty to indemnify in the state action.

### B. *Chamberlain* And *Poulis* Factors

Consideration of the *Chamberlain* and *Poulis* factors demonstrates that default judgment is warranted. The Chamberlain factors all favor entry of a default judgment. *First*, Selective would suffer substantial prejudice if I were to deny them a default judgment because Selective is expending funds under a reservation of rights to defend the *Haley* action in state court and would have to continue to do so in the absence of a default judgment. *Second*, Defendants do not appear to have a litigable defense because the

Policy does not appear to cover the Dakota. *Third*, Defendants have not offered a justification for their failure to respond in this case. Selective served them all with the Complaint months ago. Absent some explanation, I can only conclude that the delay is a result of culpable conduct.

The *Poulis* factors lead to the same conclusion. *First*, the failure to respond to the Complaint is not just an error by counsel. Selective served the Complaint on each Defendant personally, not on a lawyer. Thus, the failure to engage counsel and mount a defense falls on the parties who received the Summons and Complaint. *Second*, Selective is suffering prejudice from the failure to respond because it is paying for a defense in the *Haley* action. *Third*, there is no history of dilatoriness. *Fourth*, because each Defendant received the Complaint and a summons, and because each is already engaged in litigation, I therefore conclude that the failure to respond was willful. *Fifth*, no sanction other than a default judgment will resolve this case. Anything else would leave Selective in limbo, paying for the defense in *Haley*. *Sixth*, as I explained, it appears that Selective has a meritorious claim; there's certainly nothing to suggest that Defendants have a meritorious argument that the Policy covered the Dakota.

## IV.   CONCLUSION

Selective is entitled to a default judgment against Defendants, who have failed to appear or otherwise defend themselves. Selective has no duty to defend or indemnify the Defendants in the underlying state action and may withdraw their defense.

7

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 8, 2025